IN THE UNITED STATES DISTRICT COURT OF ILLINOIS
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | | |
|---|---|---|
| PUBLIC BUILDING COMMISSION OF CHICAGO, for the use and benefit of MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, and BRICKLAYER AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 09 CV 666 |
| v. | ) ) | Judge: Dow |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Plaintiff PUBLIC BUILDING COMMISSION OF CHICAGO, for the use and benefit of MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS AND STONE MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, respectfully requests this Court enter an order holding this case in abeyance until December 10, 2009. In support of their Motion, the Funds state as follows:

1. This is an action by employee benefit funds against Travelers Casualty and Surety Company ("Travelers"), a surety that guaranteed payment of certain of its insured's obligations.

2. Travelers' insured, Castle Construction Corporation ("Castle"), is a party to a labor agreement ("Agreement") with Administrative District Council 1 of Illinois of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("Union"), that obligates it to make contributions and other payments to the Funds under the terms of the Agreement.

3. The basis of the Funds' complaint is for collection of unpaid contributions to the Funds for Castle's obligations relating to work performed on a Chicago area project covered by a surety bond issued by Travelers.

4. In a separate matter pending in this Court before Judge Norgle, Case No. 09 C 2291, the Union filed suit against Castle to enforce an arbitration award that required, among other things, payment of those contributions owed to the Funds on behalf of the Union's members ("Castle lawsuit").

5. The parties to the Castle lawsuit have entered into a settlement agreement which provides for Castle's payment of the contributions owed to the Funds ("Settlement Agreement").

6. Castle initially paid a portion the contributions owed as required by the Settlement Agreement.

7. As a result of the Settlement Agreement in the Castle lawsuit, and Castle's initial payment of a portion of the settlement amounts, the Funds requested that this Court hold this case in abeyance until August 21, 2009. Travelers had no objection to the Funds' request.

8. By order dated July 28, 2009, this Court entered an order holding this case in abeyance until August 21.

9. On or around August 14, 2009 Castle made the subsequent payment to the Union that was required by the Settlement Agreement.

10. That payment, if honored, will satisfy the contributions due to the Funds as sought in this case; however should Castle initiate bankruptcy proceedings or become the subject of an involuntary bankruptcy proceeding at any point prior to November 14, 2009 the payment made to the Union could be challenged as a preferential payment and the Union could be required to return the payment.

11. If that were to occur, the Plaintiff would pursue its claim in this case against Travelers as a surety for Castle.

12. As the Plaintiff is not secure that its claims against Travelers are fully resolved, it cannot yet dismiss the instant case with prejudice.

13. The Plaintiff's attorneys proposed that the parties enter into a joint stipulation for dismissal which would dismiss the instant case without prejudice, but grant the Plaintiff leave to reinstate the case at its current point at any time within 120 days.

14. Counsel for Travelers would not agree to the proposed stipulation, but indicated Travelers would have no objection to extending the current stay on the case.

15. On June 22, 2009, the Plaintiff received discovery requests that Travelers served on its attorneys.

16. Rather than incur additional time and expense in responding to the discovery requests, the Plaintiff requests that the Court enter an order holding this case in abeyance until December 10, 2009.

17. By that time, the Plaintiff will know whether the payment made by Castle pursuant to its Settlement Agreement will be honored and not subject to voidance due to a bankruptcy proceeding.

18. As there is a likelihood that the litigation in the instant case will not be necessary and it is not in the parties' interests to expend attorneys' fees unnecessarily or the courts' interest in unnecessarily using court resources, the Plaintiff respectfully requests that this Court enter an order holding this case in abeyance until December 10, 2009.

19. By December 10, 2009, the Plaintiff will be in a position to either dismiss the instant case with prejudice or to proceed against Travelers as surety for Castle's non-payment of contributions.

20. This request is not made for any dilatory purpose, and the Plaintiff believes that granting the request will serve the interest of all parties and promote judicial economy.

21. Travelers has indicated that it has no objection to the Plaintiff's request to hold the case in abeyance.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order 1) holding further proceedings in this matter, including Plaintiff's responses to any pending discovery requests, in abeyance until December 10, 2009; 2) moving the close of written discovery until December 30, 2009; 3) moving the close of all discovery until January 29, 2010; and 4) striking the September 1, 2009 status date and resetting it for a date after December 10, 2009.

Respectfully submitted,

/s/ Michele M. Reynolds
Attorney for Plaintiff

Michele M. Reynolds
**DOWD, BLOCH & BENNETT**
8 South Michigan Avenue, 19th Floor
Chicago, Illinois  60603
(312) 372-1361
Attorney for Plaintiff